**JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
**BURGEE & ABRAMOFF, P.C.**
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

Attorneys for Defendants,
JAMES DAVID WILLIAMS, STEVEN J. BROWN, GERALD R. SEPPALA, LEGACY FILM CREST, LLC, MOMENT FACTORY, LLC, LUXE ONE, INC., VISIONS LLC, BIPARTISAN COALITION FOR AMERICAN SECURITY CORPORATION, HIGHGATE PASS, LLC, and GARUDA PARTNERS, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL A. BUSBICE, JR., an individual; OLLA PRODUCTIONS, LLC, a limited liability company; and EDIBSUB, LLC, a limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAMES DAVID WILLIAMS, an individual; STEVEN J. BROWN, an individual; GERALD R. SEPPALA, an individual; LEGACY FILM CREST, LLC, a limited liability company; MOMENT FACTORY, LLC, a limited liability company; LUXE ONE, INC., a corporation; VISIONS LLC, a limited liability company; BIPARTISAN COALITION FOR AMERICAN SECURITY CORPORATION, a corporation; HIGHGATE PASS, LLC, a limited liability company; GARUDA PARTNERS, LTD., an unknown entity, as Trustee of The Mulholland Ridge Trust; and DOES 1 to 10, inclusive,<br><br>    Defendants. | CASE NO. CV14-4077 PA (AJWx)<br><br>ANSWER OF DEFENDANTS JAMES DAVID WILLIAMS, STEVEN J. BROWN, GERALD R. SEPPALA, LEGACY FILM CREST, LLC, MOMENT FACTORY, LLC, LUXE ONE, INC., VISIONS LLC, BIPARTISAN COALITION FOR AMERICAN SECURITY CORPORATION, HIGHGATE PASS, LLC, and GARUDA PARTNERS, LTD. TO COMPLAINT |

      Defendants JAMES DAVID WILLIAMS, STEVEN J. BROWN, GERALD R. SEPPALA, LEGACY FILM CREST, LLC, MOMENT FACTORY, LLC,

1

LUXE ONE, INC., VISIONS LLC, BIPARTISAN COALITION FOR AMERICAN SECURITY CORPORATION, HIGHGATE PASS, LLC, and GARUDA PARTNERS, LTD. (Trustee of The Mulholland Ridge Trust), for themselves and no others, answer the Complaint and asserts their affirmative defenses as follows:[1]

**ANSWER TO COMPLAINT**

1.   Answering paragraph 1, Defendants deny the allegations.

2.   Answering paragraph 2, Defendants deny the allegations.

3.   Answering paragraph 3, Defendants admit that Plaintiff Busbice, through his companies Plaintiffs Olla and Ecibsub, participated in various film projects. Otherwise, Defendants deny the allegations.

4.   Answering paragraph 4, Defendants admits that Defendant Williams was an experience film financier that entered into agreements related to the financing of films and invested in such arrangements. Defendants admit that investment opportunities related to films were made available to Plaintiff Busbice as a passive investor that would provide him with a positive return. Otherwise, Defendants deny the allegations.

5.   Answering paragraph 5, Defendants admit that Plaintiffs invested $10,900,000 in various film projects. Otherwise, Defendants deny the allegations.

6.   Answering paragraph 6, Defendants deny the allegations.

7.   Answering paragraph 7, Defendants deny the allegations.

8.   Answering paragraphs 8, 9 and 10, Defendants reserve the right to contest the legal conclusions asserted and therefore deny the allegations.

9.   Answering paragraph 11, Defendants deny the allegations.

---

[1] Defendants submit this Answer without prejudice to any rights that they may have to compel arbitration of the disputes set forth in the Complaint pursuant to the agreements of the parties. Inasmuch as some courts do not consider a petition to compel arbitration a responsive pleading, such Defendants submit this Answer in an abundance of to caution to prevent an entry of default. Such Defendants intend to promptly move to compel arbitration.

2

10. Answering paragraphs 12, 13 and 14, Defendants lack sufficient information to admit or deny the allegations.

11. Answering paragraph 15, Defendants admit that Defendant Williams resides in Los Angeles, that he is affiliated with a number of entities and that he and such entities have, from time to time, employed a number of fictitious business names. Otherwise, Defendants deny the allegations.

12. Answering paragraphs 16, 17, 18, 19, 20 and 21, Defendants admit the allegations.

13. Answering paragraph 22, Defendants admit that Bipartisan Coalition is organized as a California non-profit corporation located in Los Angeles. Otherwise, Defendants deny the allegations.

14. Answering paragraph 23, Defendants admit that Highgate is a California limited liability company located in Los Angeles and that Williams is the managing member. Otherwise, Defendants deny the allegations.

15. Answering paragraph 24, Defendants deny that Defendant Brown is associated with Garuda. Otherwise, Defendants admit the allegations of this paragraph.

16. Answering paragraph 25, Defendants lack sufficient information to admit or deny the allegations.

17. Answering paragraph 26, Defendants deny the allegations.

18. Answering paragraphs 27, 28, 29, and 30, Defendants admit the allegations.

19. Answering paragraphs 31 and 32, Defendants admit that Defendants Sepppala and Williams communicated with Plaintiff Busbice by email. The contents of any such email speak for themselves. Otherwise, Defendants deny the allegations.

20. Answering paragraph 33, Defendants admit that Defendant Sepppala sent Plaintiff Busbice the Subscription Agreement which was executed by

Defendant Williams. The contents of the Subscription Agreements speak for themselves. Otherwise, Defendants deny the allegations.

21. Answering paragraph 34, Defendants admit that Plaintiff Busbice signed the Subscription Agreement for Ecibsub and acquired five Class B Units for $500,000. Otherwise, the contents of the Subscription Agreements speak for themselves.

22. Answering paragraph 35, Defendants admit that a wire transfer of $500,000 was made. Otherwise, Defendants lack sufficient information to admit or deny the allegations.

23. Answering paragraph 36, Defendants admit the allegations.

24. Answering paragraph 37, Defendants admit that Defendant Williams formed Luxe One in May 2013 for investing in "The Letters." Defendants admit that Plaintiff Busbice was informed that Williams (through his business NLFI) and Chart had committed $2,000,000 and $6,000,000 to the investment and that Williams sought an additional $2,000,000 from Plaintiff Busbice. Defendants admit that Williams had a pre-existing relationship with Chart. Otherwise, Defendants deny the allegations of this paragraph.

25. Answering paragraph 38, Defendants lack sufficient information to admit or deny the allegations.

26. Answering paragraph 39, Defendants admit Plaintiff Busbice was informed as to the stated ownership percentages for Luxe One and that Defendant Williams had a proxy for Chart's shares. Otherwise, Defendants deny the allegations of this paragraph.

27. Answering paragraph 40, Defendants admit the allegations.

28. Answering paragraph 41, Defendants admit that $2,000,000 was wired to Luxe One. Otherwise, Defendants deny the allegations of this paragraph.

29. Answering paragraph 42, Defendants admit the allegations.

//

30. Answering paragraph 43, Defendants admit that Defendant Williams communicated with Plaintiff Busbice by email. The contents of any such email speak for themselves. Defendants further admit that Williams sought financing of $2,400,000 from Plaintiff Busbice and informed him of information regarding the budget as well as his opinion regarding the film's prospects and that he had an immediate need for funding. Otherwise, Defendants deny the allegations.

31. Answering paragraph 44, Defendants admit that Plaintiff Busbice was interested in the investment opportunity and that Defendant Williams sent him a loan agreement. The agreement speaks for itself. Otherwise, Defendants deny the allegations of this paragraph.

32. Answering paragraph 45, Defendants admit that the parties entered into a loan agreement. The agreement speaks for itself.

33. Answering paragraph 46, Defendants admit that Defendant Williams communicated with Plaintiff Busbice by email. The contents of any such email speak for themselves.

34. Answering paragraph 47, Defendants admit that $2,400,000 was wired to Left Behind Investments, LLC. Otherwise, Defendants deny the allegations of this paragraph.

35. Answering paragraph 48, Defendants admit that Defendant Williams brought a loan investment opportunity to Plaintiff Busbice regarding the project described. Defendants further admit that Williams had created Moment Factory, LLC for this purpose and was negotiating with the film's producers for a $4,000,000 loan to be repaid as described and provide profit participation. Defendants further admit that Williams informed Busbice that his participation in the investment would be equal to Busbice – $2,000,000 each. Otherwise, Defendants deny the allegations of this paragraph.

36. Answering paragraph 49, Defendants admit that the stated agreements were provided to Plaintiff Busbice and that Williams informed Busbice that he had

been informed that the producer and distributor indicated that they would sign the agreements and that the investment was immanently needed.  Otherwise, Defendant denies the allegations of this paragraph.

37. Answering paragraph 50, Defendants admit that Defendant Williams communicated with Plaintiff Busbice's counsel by email and provided information regarding the film.  The contents of any such email and any information attached speak for themselves.

38. Answering paragraph 51, Defendants admit that Plaintiff Busbice made inquiries to Defendant Williams regarding the investment.  Defendants further admit that Williams' counsel communicated with Busbice's counsel by email and provided information regarding the film.  The contents of any such email and any information attached speak for themselves.

39. Answering paragraph 52, Defendants admit that Defendant Williams signed the Term Sheet.  The provisions of the Term Sheet speak for themselves.

40. Answering paragraph 53, Defendants admit that $2,000,000 was wired to Moment Factory, LLC.  Otherwise, Defendants deny the allegations of this paragraph.

41. Answering paragraph 54, Defendants admit the allegations.

42. Answering paragraph 55, Defendants admit that Defendant Williams and his counsel had communications with Plaintiff Busbice regarding his additional $4,000,000 investment in the project and the need to have funds based upon the release date.  Otherwise, Defendants deny the allegations of this paragraph.

43. Answering paragraph 56, Defendants admit that Defendant Williams communicated with Plaintiff Busbice's counsel by email and provided information regarding the film.  The contents of any such email speak for themselves.

44. Answering paragraphs 57 and 58, Defendants admit the allegations.

45. Answering paragraph 59, Defendants admit that Defendant Williams'

counsel communicated with Plaintiff Busbice's counsel by email regarding the film. The contents of any such email speak for themselves.

46. Answering paragraph 60, Defendants admit that Defendant Williams communicated with Plaintiff Busbice's counsel by email and provided information regarding the film. The contents of any such email and any information attached speak for themselves.

47. Answering paragraph 61, the referenced document speaks for itself. Otherwise, Defendants deny the allegations of this paragraph.

48. Answering paragraph 62, Defendants admit that Defendant Williams communicated with Plaintiff Busbice's counsel by email and provided information regarding the film. The contents of any such email and any information attached speak for themselves.

49. Answering paragraph 63, the referenced documents speak for themselves. Otherwise, Defendants deny the allegations of this paragraph.

50. Answering paragraph 64, Defendants admit that Defendant Williams and his counsel had communications with Plaintiff Busbice regarding his additional $4,000,000 investment in the project and that Busbice agreed to such investment. Defendants further admit that Olla entered into the referenced Amendment, the terms of which speak for themselves. Otherwise, Defendants deny the allegations of this paragraph.

51. Answering paragraph 65, Defendants admit that $4,000,000 was wired to Luxe One. Otherwise, Defendants deny the allegations of this paragraph.

52. Answering paragraph 66, Defendants admit that Defendant Williams had communications with Plaintiff Busbice and his counsel regarding the film investments. The contents of any such communications that occurred by email speak for themselves. Otherwise, Defendants deny the allegations of this paragraph.

//

53. Answering paragraph 67, Defendants deny the allegations.

54. Answering paragraph 68, Defendants admit that Carol Martin sent a letter to Plaintiff Busbice's accountant with information regarding the film investments. The contents of such letter and its enclosures speak for themselves. Otherwise, Defendants deny the allegations of this paragraph.

55. Answering paragraph 69, Defendants admit that Defendant Williams provided information to Plaintiff Busbice's accountant. The contents of such information speak for themselves. Otherwise, Defendants deny the allegations of this paragraph.

56. Answering paragraph 70, the referenced documents speak for themselves. Otherwise, Defendants deny the allegations of this paragraph.

57. Answering paragraph 71, Defendants deny the allegations.

58. Answering paragraph 72, Defendants deny the allegations.

59. Answering paragraphs 73 and 74, Defendants deny the allegations of these paragraphs.

60. Answering paragraph 75, the referenced documents speak for themselves. Otherwise, Defendants deny the allegations of this paragraph.

61. Answering paragraph 76, Defendants admit that there were transfers of funds. Otherwise, Defendants deny the allegations of this paragraph.

62. Answering paragraph 77, Defendants admit that there were transfers of funds. Otherwise, Defendants deny the allegations of this paragraph.

63. Answering paragraph 78, Defendants admit that there were transfers of funds. Otherwise, Defendants deny the allegations of this paragraph.

64. Answering paragraph 79, Defendants admit that there were transfers of funds. Otherwise, Defendants deny the allegations of this paragraph.

65. Answering paragraph 80, Defendants admit that there were transfers of funds. Otherwise, Defendants deny the allegations of this paragraph.

66. Answering paragraph 81, Defendants deny the allegations.

67. Answering paragraph 82, Defendants admit that there were transfers of funds. Otherwise, Defendants deny the allegations of this paragraph.

68. Answering paragraph 83, Defendants admit that the referenced property in Calabasas was purchased by Garuda Partners, Ltd. as Trustee for the Mulholland Ridge Trust through an escrow at First American Title Company for the stated price. Otherwise, Defendants deny the allegations of this paragraph.

69. Answering paragraph 84, Defendants admit that there was a $500,000 deposit in the Visions account. Otherwise, Defendants deny the allegations of this paragraph.

70. Answering paragraphs 85, 86, 87 and 88, Defendants deny the allegations of these paragraphs.

71. Answering paragraph 89, Defendants deny the allegations.

72. Answering paragraph 90, Defendants admit that there was a $6,000,000 investment in Luxe One. Otherwise, Defendants deny the allegations of this paragraph.

73. Answering paragraph 91, Defendants admit that there was a $2,000,000 investment in Moment Factory. Otherwise, Defendants deny the allegations of this paragraph.

74. Answering paragraph 92, Defendants admit that there was a $500,000 investment in Visions. Otherwise, Defendants deny the allegations of this paragraph.

75. Answering paragraphs 93, 94 and 95, Defendants deny the allegations of these paragraphs.

76. Answering paragraph 96, Defendants deny the allegations.

77. Answering paragraph 97, the relevant Defendants incorporate their responses to paragraph 1 through 96.

78. Answering paragraph 98, the relevant Defendants deny the allegations.

79. Answering paragraph 99, the relevant Defendants admit that there was a $2,000,000 investment in Luxe One. Otherwise, the relevant Defendants deny the allegations of this paragraph.

80. Answering paragraphs 100, 101, 102, 103, 104 and 105, the relevant Defendants deny the allegations of these paragraphs.

81. Answering paragraph 106, the relevant Defendants admit that there was a $4,000,000 investment in Luxe One. Otherwise, the relevant Defendants deny the allegations of this paragraph.

82. Answering paragraphs 107, 108, 109, 110 and 111, the relevant Defendants deny the allegations of these paragraphs.

83. Answering paragraph 112, the relevant Defendants admit that there was a $4,000,000 investment in Luxe One. Otherwise, the relevant Defendants deny the allegations of this paragraph.

84. Answering paragraph 113, the relevant Defendants admit that there was a $2,000,000 investment in Moment Factory. Otherwise, the relevant Defendants deny the allegations of this paragraph.

85. Answering paragraphs 114, 115, 116, 117, 118 and 119, the relevant Defendants deny the allegations of these paragraphs.

86. Answering paragraph 119, the relevant Defendants admit that there was a $2,000,000 investment in Moment Factory. Otherwise, the relevant Defendants deny the allegations of this paragraph.

87. Answering paragraph 120, the relevant Defendants admit that there was a $2,400,000 investment in the referenced film. Otherwise, the relevant Defendants deny the allegations of this paragraph.

88. Answering paragraphs 121, 122, 123, 124, 125 and 126, the relevant Defendants deny the allegations of these paragraphs.

89. Answering paragraph 127, the relevant Defendants admit that there was a $500,000 investment in the referenced film. Otherwise, the relevant

Defendants deny the allegations of this paragraph.

90. Answering paragraphs 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141 and 142, the relevant Defendants deny the allegations of these paragraphs.

91. Answering paragraph 143, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

92. Answering paragraphs 144, 145, and 146, the relevant Defendants deny the allegations of these paragraphs.

93. Answering paragraphs 148, 149, 150, 151 and 152, the relevant Defendants deny the allegations of these paragraphs.

94. Answering paragraph 153, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

95. Answering paragraphs 154, 155, 156, 157, 158, 159 and 160, the relevant Defendants deny the allegations of these paragraphs.

96. Answering paragraph 161, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

97. Answering paragraphs 162, 163, 164, 165, 166, 167 and 168, the relevant Defendants deny the allegations of these paragraphs.

98. Answering paragraph 169, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

99. Answering paragraphs 170, 171, 172, 173 and 174, the relevant Defendants deny the allegations of these paragraphs.

100. Answering paragraph 175, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

101. Answering paragraphs 176, 177, 178, 179, 180, 181, 182 and 183, the relevant Defendants deny the allegations of these paragraphs.

102. Answering paragraph 184, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

103. Answering paragraphs 185, 186, 187, 188, 189 and 190, the relevant Defendants deny the allegations of these paragraphs.

104. Answering paragraph 191, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

105. Answering paragraphs 192, 193, 194, 195 and 196, the relevant Defendants deny the allegations of these paragraphs.

106. Answering paragraph 197, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

107. Answering paragraphs 198, 199, 200, 201, 202 and 203, the relevant Defendants deny the allegations of these paragraphs.

108. Answering paragraph 204, the relevant Defendant incorporates the responses to paragraphs 1 through 142.

109. Answering paragraphs 205, 206, 207, 208 and 209, the relevant Defendant denies the allegations of these paragraphs.

110. Answering paragraph 210, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

111. Answering paragraphs 211, 212, 213, 214 and 215, the relevant Defendants deny the allegations of these paragraphs.

112. Answering paragraph 216, the relevant Defendant incorporates the responses to paragraphs 1 through 142.

113. Answering paragraphs 217, 218, 219, and 220, the relevant Defendant denies the allegations of these paragraphs.

114. Answering paragraph 221, the relevant Defendant incorporates the responses to paragraphs 1 through 142.

115. Answering paragraphs 222, 223, 224 and 225, the relevant Defendant denies the allegations of these paragraphs.

116. Answering paragraph 226, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

117. Answering paragraphs 227, 228 and 229, the relevant Defendants deny the allegations of these paragraphs.

118. Answering paragraph 230, the relevant Defendants incorporate their responses to paragraphs 1 through 142.

119. Answering paragraphs 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241 and 242, the relevant Defendants deny the allegations of these paragraphs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
(By All Defendants to All Relevant Causes of Action)

120. The Complaint and each cause of action therein fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
(By All Defendants to All Relevant Causes of Action)

121. Any and all damages, losses and injuries suffered or to be suffered by Plaintiffs were, and are, due to causes beyond the control or responsibility of these Defendants. Defendants have no control over the decisions of film producers who have breached obligations to Defendants or the success of any film project.

### Third Affirmative Defense
(By All Defendants to All Relevant Causes of Action)

122. Plaintiffs are barred from recovering on the Complaint by virtue of their unclean hands. Defendants are informed and believe and thereon allege that Plaintiffs have had communications with the film projects which have interfered with the subject investments.

### Fourth Affirmative Defense
(By All Defendants to All Relevant Causes of Action)

123. Plaintiffs have waived recovery and are estopped from seeking redress through the Complaint by virtue of direct negotiations and agreements

with the producers of the subject film projects.

### Fifth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

124. Any obligation for which Defendants had to compensate Plaintiffs (which obligation is denied), was excused by Plaintiffs and/or Plaintiffs' conduct through direct negotiations and agreements with the producers of the subject film projects and Plaintiffs' interference with the subject investments.

### Sixth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

125. Plaintiffs are barred from any recovery herein because Plaintiffs had a duty to mitigate their damages through the exercise of reasonable care and effort which Plaintiffs failed to do. Although Defendants had arranged for Plaintiffs to be fully satisfied, Plaintiffs refused to cooperate with Defendants and interfered with the subject investments.

### Seventh Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

126. Any damages sustained by Plaintiffs were the product of their own intentional or negligent conduct by Plaintiffs' refusal to cooperate with Defendants and interference with the subject investments.

### Eighth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

127. Plaintiffs lack standing to pursue the claims asserted in the Complaint.

### Ninth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

128. Plaintiffs lack the capacity to pursue the claims asserted in the Complaint.

//

Tenth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

129. Plaintiffs have entered into a novation directly with the film projects.

Eleventh Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

130. Plaintiffs have entered into agreements to resolve the disputes with Defendants which Plaintiffs have frustrated and repudiated.

Twelfth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

131. Plaintiffs claims are barred as Plaintiffs have failed to proceed with arbitration of the claims pursuant to the written agreements referenced in the Complaint.

Thirteenth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

132. Plaintiffs assumed the risks associated with investing in the film projects which were disclosed and known to Plaintiffs.

Fourteenth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

133. Defendants acted in good faith concerning all matter alleged in the Complaint.

Fifteenth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

134. Defendants acted in good faith concerning all matter alleged in the Complaint and the actions of Defendants were based upon the exercise of their business judgment.

//

//

//

Sixteenth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

135. Plaintiffs claims are barred by virtue of failing to comply with the statutory prerequisites of a derivative claim.

Seventeenth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

136. There has been a misjoinder of claims.

Eighteenth Affirmative Defense

(By All Defendants to All Relevant Causes of Action)

137. This action has been filed in an inconvenient and improper forum.

**PRAYER**

WHEREFORE, these responding Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by way of the Complaint;
2. For costs of suit herein incurred including attorneys fees; and
3. For any further relief the court may deem proper.

DATED:  August 18, 2014.                BURGEE & ABRAMOFF P.C.


BY: _____/s_____
       JOHN G. BURGEE
    Attorneys for Defendants

16