UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4077 PA (AJWx) | Date | October 3, 2014 |
|---|---|---|---|
| Title | Bill A. Busbice, Jr., et al. v. James David Williams, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Julieta Lozano | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court has reviewed the Complaint filed by Bill A. Busbice, Jr. ("Busbice"), Olla Productions, LLC, and Ecibsub, LLC (collectively "Plaintiffs") against James David Williams ("Williams"), Steven J. Brown, Gerald R. Seppala, Legacy Film Crest, LLC, Moment Factory, LLC, Luxe One, Inc., Visions, LLC, Bipartisan Coalition for American Security Corporation, Highgate Pass, LLC, Garuda Partners, Ltd., an unknown entity as Trustee of The Mulholland Ridge Trust, and Does 1-10 (collectively "Defendants").

The Complaint describes investments in four films: <u>Made in America</u>, <u>The Letters</u>, <u>Left Behind</u>, and <u>Angels Sing</u>.  Although Busbice and Williams were apparently involved in each of these investments, none of the projects appear to involve all of the same parties.

Federal Rule of Civil Procedure 20, which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added); <u>see also</u> <u>League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency</u>, 558 F.2d 914, 917 (9th Cir. 1977).  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim."  <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it is not clear whether there is a question of fact or law common to all Defendants. Nor is it clear that Plaintiffs' claims against Defendants arise out of the same transaction or occurrence.  Specifically, it is not apparent what connection, if any, each defendant has with the others.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4077 PA (AJWx) | Date | October 3, 2014 |
|---|---|---|---|
| Title | Bill A. Busbice, Jr., et al. v. James David Williams, et al. | | |

The Court therefore orders Plaintiff to show cause in writing, no later than October 10, 2014, why one or more defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin ,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court").

In response to this Order to Show Cause, Plaintiffs may, if they so choose, dismiss their claims against certain defendants in this action and file separate actions with new complaints and filing fees.

IT IS SO ORDERED.