JOHN G. BURGEE, ESQ. (State Bar No. 132129)
Email: jburgee@bandalaw.net
BURGEE & ABRAMOFF, P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

Attorneys for Defendants,
JAMES DAVID WILLIAMS, STEVEN J. BROWN, GERALD R. SEPPALA, LEGACY FILM CREST, LLC, MOMENT FACTORY, LLC, LUXE ONE, INC., VISIONS L.L.C., BIPARTISAN COALITION FOR AMERICAN SECURITY CORPORATION, HIGHGATE PASS, LLC, and GARUDA PARTNERS, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL A. BUSBICE, JR., an individual; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES DAVID WILLIAMS, an individual; et al.,<br><br>Defendants. | CASE NO. CV14-4077 PA (AJWx)<br>[Before the Hon. Percy Anderson]<br>[Magistrate Judge Andrew J. Wistrich]<br><br>BRIEF OF VISIONS L.L.C. AND GERALD R. SEPPALA REGARDING STAY PENDING ARBITRATION; DECLARATION OF JOHN G. BURGEE<br><br>Date: April 6, 2015<br>Time: 10:00 a.m.<br>Courtroom: 690 |

Defendants VISIONS L.L.C. and GERALD R. SEPPALA submit the following points and authorities pursuant to the request of the Honorable Andrew J. Wistrich for additional briefing on the stay applicable to these Defendants in connection with the Court's ordering claims against them to arbitration:

I. **INTRODUCTION.**

Plaintiff Bill A. Busbice, Jr., made in four separate movie projects through his wholly owned corporate entities, Plaintiffs Olla Productions, LLC and

1

Edibsub, LLC.[1] Each of the movie projects constituted a separate investment and involved differing entities and parties. One of the movie projects is a documentary picture known as *Made in America*. The investment was made by Ecibsub, LLC through the purchase of membership interests in the limited liability company Visions L.L.C. This is the only project that involved Plaintiff Ecibsub, LLC and Visions L.L.C. had no participation in any of the other projects that are the subject of this action.

Visions L.L.C. is governed by an operating agreement, which is titled as the "Member Control Agreement." (Burgee Decl., Exhibit A.) In connection with acquiring an interest in Visions L.L.C., Edibsub is a party to this Agreement which Edibsub executed. (Id.) This Agreement constitutes a written contract that governs the relationship among the relevant parties with respect to Edibsub's investment in Visions L.L.C. and sets forth the rights and obligations of the parties. Among other things, the Membership Control Agreement contains an agreement to arbitrate any disputes "arising out of or relating to this Agreement or the breach thereof (including fraud in the inducement), ...." (Exhibit A, para. 3.7.)

Based upon the Membership Control Agreement, Defendants Visions L.L.C. and Gerald Seppala moved to compel Plaintiffs to arbitrate their claims related to *Made in America*. (See, Motion to Compel Arbitration filed September 8, 2014.) The Court granted this Motion on October 23, 2014, stating that: "The arbitration provision will be enforced." (Burgee Decl., Exhibit B, p. 6.) The Court further stated in its Order, "the Court will not stay claims relating to Made in America with respect to Defendants who were not parties to the Member Control Agreement." (Id.)

Based upon the Court's Order compelling Plaintiffs to arbitrate claims arising from *Made in America* as against the parties to the Membership Control

---

[1] The documents and declarations supporting the background facts can be found in the Motion to Compel Arbitration of Visions L.L.C. and Gerald Seppala which was filed on September 8, 2014.

Agreement, Visions L.L.C. and Seppala have objected to Plaintiffs' discovery that relates to such claims. Visions L.L.C. and Seppala have not objected to discovery other than as relates to *Made in America* and they complied with such discovery months ago both in terms of substantive responses and the production of documents. Their objection is solely limited to discovery related to the claims referred to arbitration and stayed by the Court. The reasons that this objection is appropriate are:

1. The Court ordered the claims arising from *Made in America* to arbitration;

2. The Court stayed this action as to the *Made in America* claims as to the parties to the Membership Control Agreement;

3. Under both the Federal Arbitration Act ("FAA") and Minnesota law, the stay of claims ordered to arbitration is mandatory; and,

4. Allowing Plaintiffs to conduct discovery as to Visions L.L.C. and Seppala regarding the claims ordered to arbitration deprives these Defendants of the benefits of their contractual right to have all issues regarding these claims (including discovery) determined in arbitration.

Plaintiffs are essentially attempting to do an end-run around the Court's order compelling them to arbitration the *Made in America* claims. Defendants are in no way denying Plaintiffs their right to discovery; Plaintiffs simply need to pursue such discovery through arbitration. In fact, Plaintiffs have had plenty of time to commence arbitration and obtain discovery in that forum. However, Plaintiffs have made absolutely no effort to commence arbitration, despite Defendants' demand that they either do so or dismiss Seppala and Visions from this action. Rather, Plaintiffs have ignored the Court arbitration order and sought to pursue discovery that is clearly stayed. Plaintiffs efforts to compel Seppala and Visions to participate in discovery as to claims ordered to arbitration should be rejected.

## II. THIS ACTION IS STAYED AS AGAINST VISIONS AND SEPPALA WITH RESPECT TO CLAIMS ARISING FROM *MADE IN AMERICA*, INCLUDING DISCOVERY.

"The construction of an agreement to arbitrate is governed by the FAA unless the agreement expressly provides that state law should govern." *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 729 n.9 (8th Cir. 2001). There is no dispute that the Member Control Agreement is governed by Minnesota law. (Exhibit A, p. 32.) Under both the FAA and Minnesota law, a court must stay the proceedings and compel arbitration of claims subject to arbitration under a valid agreement. *Churchill Envtl. & Indus. Equity Partners, L.P. v. Ernst & Young, LLP*, 643 N.W.2d 333, 336 (Minn. Ct. App. 2002). To wit, the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 USC § 3.

Similarly, Minnesota Statutes 2014, Section 572B.07(f) provides: "If the court orders arbitration, the court shall on just terms stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to the arbitration is severable, the court may sever it and limit the stay to that claim."

As appropriate under both Federal and State law, the Court ordered that this action is stayed as to the parties to the Membership Control Agreement with respect to claims arising from *Made in America*. This clearly includes discovery

as to those parties and claims. "'[S]implicity, informality, and expedition of arbitration' . . . is inherent in every agreement to arbitrate." *In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 286 (4th Cir. 2007) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). "Indeed, it is the informality of arbitral procedure that enables it to function as an efficient, inexpensive, and expeditious means for dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, *supra*, 473 U.S. at p. 627 n. 14.

Visions and Seppala are entitled to the benefits of having a contract that provides for the arbitration of disputes with Plaintiffs. Defendants contracted with Plaintiffs to resolve disputes through "efficient, inexpensive, and expeditious means", not protracted court proceedings that entail the burden and expense of court-action discovery. Part of the contractual bargain that Plaintiffs made with Defendants was to have disputes, and all that is attendant to the litigation of disputes, resolved through arbitration. The purposes of arbitration, and the order of the Court enforcing the agreement to arbitrate, would be undermined if Plaintiffs' discovery as to claims ordered to arbitration is allowed to proceed in this action.

Plaintiffs have means to obtain evidence from Visions and Seppala other than discovery in this action. The arbitration agreement provides for arbitration by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules. (Exhibit A, p. 7.) Those Rules provide for the discovery of documentary evidence, which is what Plaintiffs are seeking, as follows:

R-22. Pre-Hearing Exchange and Production of Information

(a) Authority of arbitrator. The arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses.

|   |   |   |   |
|---|---|---|---|
| | (b) | Documents. | The arbitrator may, on application of a party or on the arbitrator's own initiative: |
| | | i. | require the parties to exchange documents in their possession or custody on which they intend to rely; |
| | | ii. | require the parties to update their exchanges of the documents on which they intend to rely as such documents become known to them; |
| | | iii. | require the parties, in response to reasonable document requests, to make available to the other party documents, in the responding party's possession or custody, not otherwise readily available to the party seeking the documents, reasonably believed by the party seeking the documents to exist and to be relevant and material to the outcome of disputed issues; and |
| | | iv. | require the parties, when documents to be exchanged or produced are maintained in electronic form, to make such documents available in the form most convenient and economical for the party in possession of such documents, unless the arbitrator determines that there is good cause for requiring the documents to be produced in a different form. The parties should attempt to agree in advance upon, and the arbitrator may determine, reasonable search parameters to balance the need for production of electronically stored documents relevant and material to the outcome of disputed issues against the cost of locating and producing them. |

(Burgee Decl., ¶ 5.)

Plaintiffs have the means to fully pursue their discovery through arbitration with Defendants. That is how Plaintiffs agreed to conduct their discovery with Visions and Seppala with respect to claims arising from *Made in America.*

Alternatively, should Plaintiffs dismiss their claims against Visions and Seppala, they would have the ability to serve these parties with subpoenas since the stay would be vitiated. However, a subpoena to these parties while there are pending claims subject to an order to arbitrate and stay, would clearly be an affront to the Court's arbitration order.

In short, Plaintiffs have ample opportunity to conduct discover with regard to Visions and Seppala either through arbitration or dismissing their claims against these Defendants. However, Plaintiffs' attempt to side-step and undermine the agreement to arbitrate disputes with Visions and Seppala and the Court's order enforcing that agreement is unsupported. Visions and Seppala have properly objected to discovery that was ordered to arbitration and stayed by the Court.

## III. CONCLUSION.

Plaintiffs are clearly unhappy about the order to arbitration claims related to *Made in America* with Visions L.L.C. and Seppala: Plaintiffs have made no effort over the last six months to comply with the Court's order and commence an arbitration of those claims. Instead, Plaintiffs are attempting to ignore and undermine the order to arbitration by seeking to enforce discovery as to claims which were appropriately stayed by the Court. This Court should deny Plaintiffs' Motion as to Visions L.L.C. and Seppala.

DATED: April 17, 2015.                BURGEE & ABRAMOFF P.C.


BY: _____/s/_____
     JOHN G. BURGEE
   Attorneys for Defendants

7

1                          DECLARATION OF JOHN G. BURGEE

2      I, JOHN G. BURGEE declare:

3      1.      I am an attorney at law duly qualified before this Court and am a principal of the law firm Burgee & Abramoff Professional Corporation, attorneys of record for Defendants. I have personal knowledge of the facts stated herein and if called upon to testify, I can and will competently testify thereto.

     2.      This declaration is made in further support of Defendants' Opposition to Plaintiffs' Motion to Compel.

     3.      Attached hereto as Exhibit A is a true and correct copy of the Membership Control Agreement for Visions L.L.C. which was authenticated and filed with the Court in connection with the Motion of Visions L.L.L. and Gerald Seppala to compel arbitration which was filed on September 8, 2014.

     4.      Attached hereto as Exhibit B is a true and correct copy of the Court's Order of October 23, 2014, granting the Motion of Visions L.L.L. and Gerald Seppala to compel arbitration, ordering claims against these Defendants arising from *Made in America* to be arbitrated and staying further proceedings in this action on those claims.

     5.      I have researched the Commercial Arbitration Rules of the American Arbitration Association. Those Rules provide as follows as to documentary discovery:

R-22. Pre-Hearing Exchange and Production of Information

(a)      Authority of arbitrator. The arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses.

(b)      Documents. The arbitrator may, on application of a party or on the arbitrator's own initiative:

8

      i.     require the parties to exchange documents in their possession or custody on which they intend to rely;

      ii.    require the parties to update their exchanges of the documents on which they intend to rely as such documents become known to them;

      iii.   require the parties, in response to reasonable document requests, to make available to the other party documents, in the responding party's possession or custody, not otherwise readily available to the party seeking the documents, reasonably believed by the party seeking the documents to exist and to be relevant and material to the outcome of disputed issues; and

      iv.    require the parties, when documents to be exchanged or produced are maintained in electronic form, to make such documents available in the form most convenient and economical for the party in possession of such documents, unless the arbitrator determines that there is good cause for requiring the documents to be produced in a different form. The parties should attempt to agree in advance upon, and the arbitrator may determine, reasonable search parameters to balance the need for production of electronically stored documents relevant and material to the outcome of disputed issues against the cost of locating and producing them.

6. Since the Order compelling Plaintiffs to arbitrate claims against Visions L.L.C. and Seppala, Plaintiffs have done nothing to commence an arbitration proceeding. I have demanded that Plaintiffs dismiss their claims against these Defendants if they do not intend to proceed with arbitration. Plaintiffs have not responded to my request to meet and confer on this issue in connection with a potential motion to dismiss.

7. Visions L.L.C. and Seppala have not objected to discovery other than as relates to *Made in America* and they complied with such discovery months ago both in terms of substantive responses and the production of documents. Their objection is solely limited to discovery related to the claims referred to arbitration and stayed by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 17, 2015, at Woodland Hills, California.

/s
JOHN G. BURGEE