JOHN G. BURGEE, ESQ. (State Bar No. 132129)
Email: jburgee@bandalaw.net
BURGEE & ABRAMOFF, P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818) 264-7576

Attorneys for Defendants,
JAMES DAVID WILLIAMS, STEVEN J. BROWN, GERALD R. SEPPALA, LEGACY FILM CREST, LLC, MOMENT FACTORY, LLC, LUXE ONE, INC., VISIONS L.L.C., BIPARTISAN COALITION FOR AMERICAN SECURITY CORPORATION, HIGHGATE PASS, LLC, and GARUDA PARTNERS, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL A. BUSBICE, JR., an individual; et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES DAVID WILLIAMS, an individual; et al., <br><br> Defendants. | CASE NO. CV14-4077 PA (AJWx) <br> [Before the Hon. Percy Anderson] <br><br> OPPOSITION TO MOTION OF PLAINTIFFS TO COMPEL PRODUCTION OF ATTORNEY CLIENT COMMUNICATIONS; DECLARATION OF JOHN G. BURGEE <br><br> Date: May 11, 2015 <br> Time: 10:00 a.m. <br> Courtroom: 690 |

//
//
//
//
//
//

TABLE OF CONTENTS

1

| | | Page |
|---|---|---|
| I. | INTRODUCTION. | 4 |
| II. | HISTORY OF THE DISCOVERY IN ISSUE. | 5 |
| III. | PLAINTIFFS SUBSTANTIALLY OVERSTATE DISCOVERY ISSUES; THE OBJECTIONS RAISED BY DEFENDANTS ARE APPROPRIATE. | 11 |
| IV. | THE OBJECTIONS RAISED BY DEFENDANTS ARE APPROPRIATE. | 12 |
| | A.  The Claims Against Visions and Seppala Related to *Made in America* are Stayed. | 13 |
| | B.  Communications Between Barry Reiss and His Clients and His Work Product Are Privileged. | 14 |
| | C.  Plaintiffs' Discovery Invades Privacy Rights. | 14 |
| V. | IT IS APPROPRIATE FOR DEFENDANTS TO PRODUCE ESI IN NATIVE FORM. | 15 |
| VI. | SANCTIONS ARE APPROPRIATE TO BASED UPON THE FAILURE OF PLAINTIFFS TO RESOLVE AND LIMIT DISCOVERY ISSUES. | 16 |
| VII. | CONCLUSION. | 17 |
| DECLARATION OF JOHN G. BURGEE | | 18 |

# TABLE OF AUTHORITIES

Page

<u>Rules</u>

Fed. R. Civ. P. 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Civ. P. 34(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Civ. P. 34(b)(2)(E)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

<u>Cases</u>

*In re Netbank, Inc. Securities Litigation*, 259 FRD 656 (N.D.Ga. 2009) . . . . . . . 15

*Williams v. Sprint/United management Company*, 230 FRD 640 (D.Kan. 2005)  15

<u>Miscellaneous</u>

Advisory Committee's notes to the 2006 Amendments to Fed. R. Civ. P. 34(b) . 15

Defendants JAMES DAVID WILLIAMS, STEVEN J. BROWN, GERALD R. SEPPALA, LEGACY FILM CREST, LLC, MOMENT FACTORY, LLC, LUXE ONE, INC., VISIONS LLC, BIPARTISAN COALITION FOR AMERICAN SECURITY CORPORATION, HIGHGATE PASS, LLC, GARUDA PARTNERS, LTD. (Trustee of The Mulholland Ridge Trust), and BARRY JAY REISS submit the following points and authorities in opposition to Plaintiffs' Motion to Compel Production of Attorney-Client Communications.

## I. INTRODUCTION.

Through this Motion, Plaintiffs seek to entirely obliterate the attorney-client privilege with respect to communications between Defendant Barry J. Reiss, an attorney, and other Defendants who were his clients. Although the allegations of Plaintiffs' Complaint are that Defendants made purported misrepresentations in order to obtain investments in movie projects, Plaintiffs seek not to compel the disclosure of some attorney-client communications, but absolutely all communications between Mr. Reiss and any of his clients, most of which occurred after Plaintiffs had already transmitted funds to Defendants. Not only is Plaintiffs' scattergun approach to invalidating the attorney-client privilege unsupported, but Plaintiffs have failed to show that Mr. Reiss was in any way involved in rendering advice in connection with the commission of fraud. There is thus no merit to Plaintiffs' Motion which should be denied.

## II. BACKGROUND.

This action is founded upon a composite of investments that Plaintiff Bill A. Busbice, Jr., made in four separate movie projects – *Made in America, Angels Sing, Left Behind* and *The Letters*. Each of the movie projects constituted a separate investment and involved differing entities and parties. These investments were made through Busbice's wholly owned corporate entities, Plaintiffs Olla

4

Productions, LLC and Edibsub, LLC. Busbice's participation in the movie projects was through funding these entities and acting as their principal; he had no direct relationship to the projects.

As is readily evident, Plaintiffs seek to try this case through the disparagement and slander of Defendants. The basic premise of the Complaint is that Defendants misused the funds obtained from Plaintiffs for the film projects. However, as the evidence will ultimately bear out, the four film projects at issue were supported by funds invested by Plaintiffs, and Defendants were working in appropriate ways to achieve the purposes of those investments and obtain a substantial return for Plaintiffs. For example, there is no dispute that a $1.75-million investment was made in the limited partnership that produced *The Letters*, or that millions of dollars were spent to support the release of *Left Behind*, or that $750,000 was promptly returned to Plaintiffs when disputes arose between the parties regarding the use of funds, among other things. Nonetheless, Plaintiffs couch their claims with inflammatory and outrageous accusations in order to incite prejudice against Defendants.

From the outset of this case, before any discovery, Plaintiffs' counsel asserted the position that absolutely none of the communications between Defendant Reiss and any of his clients are privileged. (Burgee Decl., ¶ 3.) Upon review of documents produced by Mr. Reiss, Defendants' counsel found no grounds to produce any attorney-client communications. (Id.) None of the communications between Mr. Reiss and the other Defendants involved advice regarding the commission of fraud. (Id.) Defendants' counsel therefore provided Plaintiffs' counsel with privilege logs as to hundreds of privileged documents. (Id.; see Moving Papers, Exhibits 44 and 45.) Plaintiffs' counsel continued to maintain that the crime-fraud exception to the privilege applied to all of Mr. Reiss client communications. (Id.)

//

5

Defendants' counsel has sought to discuss the issue with counsel to narrow the scope of the communications that Plaintiffs contend would not be privileged. Defendants' counsel suggested that the parties should be able to agree that certain categories of communications could not possibly fall within the exception, such as communications concerning Mr. Reiss' settlement discussions with Plaintiffs' counsel. (Burgee Decl., ¶ 4.) Plaintiffs' counsel have refused to consider that any communications involving Mr. Reiss might be protected, and proceeded with this Motion. (Id.)

## III. PLAINTIFFS HAVE NOT ESTABLISHED THE CRIME-FRAUD EXCEPTION TO THE ATTORNEY-CLIENT PRIVILEGE FOR COMMUNICATIONS INVOLVING REISS.

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). It is necessary to allow clients to make full disclosure to their attorneys of past wrongdoings, so that attorneys can render proper advice and representation. *Fisher v. United States*, 425 U.S. 391, 403 (1976). However, the doctrine of the crime-fraud exception to the attorney-client privilege has developed as to communications "'made for the purpose of getting advice for the commission of a fraud' or crime." *United States v. Zolin*, 491 U.S. 554, 563

Based solely on that narrow purpose, to invoke the crime-fraud exception to the attorney-client privilege, the party contesting the privilege must show both that "the [subject] communications were in furtherance of an intended or present illegality . . . and that there is some relationship between the communications and the illegality." *In re Grand Jury Proceedings*, 87 F.3d 377, 380 (9th Cir. 1996).

The Ninth Circuit explained that the court must find that the attorney's advice was being "utilized . . . in furtherance of the ongoing unlawful scheme." *In re Grand Jury Proceedings (John Doe)*, 867 F.2d 539, 541 (9th Cir. 1989). Even

though the attorney may be unaware of the client's intentions, the exception applies if the attorney's advice is sought in furtherance of an improper purpose. *In re Grand Jury Proceedings*, *supra,* 87 F.3d at 381.

The common theme that runs through the cases discussing the crime-fraud exception to the attorney-client privilege is that it pertains to communications *directed at obtaining the attorney's advice*. That is where Plaintiffs is initially deficient. As much as Plaintiffs smear Defendants and proffer allegedly misleading documents, Plaintiffs make no showing that *Mr. Reiss' advice* was sought relative to providing such documents to Plaintiffs. In fact, Mr. Reiss' declaration confirms that he was simply the messenger for any factual information that he passed along and that he relied solely upon information provided to him by his clients. (Reiss Decl., ¶ 6.) In this regard, none of the communications he had with his clients constituted advice pertaining to the preparation of financial documents. (Reiss Decl., ¶ 8.) Mr. Reiss was preparing agreements and interfacing with Plaintiffs' counsel. (Id.)

Further, Plaintiffs do not show that Mr. Reiss' communications with his clients are related to the commission of any fraud. For example, in *United States v. Bauer*, 132 F.3d 504, 509 (9th Cir. 1997), the court found that the client's alleged wrongdoing was in direct contravention of the attorney's advice. The court therefore found that "it is impossible to discern a casual connection or functional relationship between the advice given by [the attorney] and the actions taken by [the defendant]. Therefore, the crime-fraud exception to the attorney-client privilege does not apply here." 132 F.3d at 510. Plaintiffs similarly fail to show a causal connection between any advice provided by Mr. Reiss and the making of any alleged misrepresentations. Again, Mr. Reiss' function was limited in scope and he was retained to prepare agreements, and, after the fact, to try to settle disputes with Plaintiffs and others. (Id.) He had

//

nothing to do with rendering advice as to what information and documents should and should not be presented to Plaintiffs.

Plaintiffs have neither shown that Mr. Reiss' advice was sought in furtherance of committing fraud or that any advice given by Mr. Reiss is causally connected to any commission of fraud. There is thus no basis to invalidate the privilege attendant to Mr. Reiss' communications with his clients. Plaintiffs' Motion should be denied.

## IV. PLAINTIFFS' EFFORT TO INVALIDATE THE PRIVILEGE FOR ALL COMMUNICATIONS WITH REISS IS OVER-REACHING AND UNSUPPORTED.

Mr. Reiss identifies the subject areas of his communications with his clients relative to this action, as follows:

    a. Communications regarding negotiations with Mr. Friedman in connection with the investment agreements with Mr. Busbice;

    b. Communications regarding discussions with Mr. Friedman regarding the uses of funds;

    c. Communications regarding settlement discussions with Mr. Friedman related to Mr. Busbice's claims;

    d. Communications regarding discussions of disputes and settlement negotiations with counsel for Big Screen Partners V, Ltd.; and

    e. Communications regarding the defense of this lawsuit.

(Reiss Decl., ¶ 8.)

Working backward, communications concerning the present lawsuit as well as pre-litigation settlement discussions and settlement discussions in connection with other disputes certainly do not begin to meet the requirements of the crime-fraud exception. Such communications are necessarily long after the alleged misrepresentations which form the basis for Plaintiffs' Motion.

Plaintiffs' allegations are that misrepresentations were made to them to induce their investment in the subject movie projects. Consequently, any purported misrepresentations would predate the payment of funds and discussions as to how the funds were being used. The only window of time where there could have been a "present or intended illegality" to obtain money from Plaintiffs would be before Plaintiffs transferred funds to Defendants. Mr. Reiss was only involved at that point with negotiating contracts with Plaintiffs' counsel. Plaintiffs' request to invalidate the attorney-client privilege with respect to all communications with Mr. Reiss is therefore wholly unsupported. Plaintiffs' Motion should be denied.

## V. CONCLUSION.

It is clear that the courts approach the invalidation of the attorney-client privilege carefully and narrowly, requiring evidence that an attorney's advice was used to commit fraud. Plaintiffs make no showing that Mr. Reiss was consulted or rendered advice relative to Plaintiffs' claims that misrepresentations were made to obtain their investments in the subject movie projects, or that such non-existent advice was used to further a fraud on Plaintiffs. Plaintiffs therefore have not sustained their burden to invalidate the attorney-client privilege; Plaintiffs' Motion should be denied.

DATED: April 27, 2015.  BURGEE & ABRAMOFF P.C.


BY: _____/s/_____
     JOHN G. BURGEE
Attorneys for Defendants

9

## DECLARATION OF JOHN G. BURGEE

I, JOHN G. BURGEE declare:

1. I am an attorney at law duly qualified before this Court and am a principal of the law firm Burgee & Abramoff Professional Corporation, attorneys of record for Defendants. I have personal knowledge of the facts stated herein and if called upon to testify, I can and will competently testify thereto.

2. This declaration is made in support of Defendants' Opposition to Plaintiffs' Motion to Compel Production of Attorney-Client Communications.

3. From the outset of this case, before any discovery, Plaintiffs' counsel asserted the position that absolutely none of the communications between Defendant Reiss and any of his clients are privileged. Upon review of documents produced by Mr. Reiss, I found no grounds to produce any attorney-client communications. None of the communications between Mr. Reiss and the other Defendants involved advice regarding the commission of fraud. I therefore provided Plaintiffs' counsel with privilege logs as to hundreds of privileged documents. True and correct copies of the privilege logs are submitted with the Moving Papers as Exhibits 44 and 45. Plaintiffs' counsel continued to maintain that the crime-fraud exception to the privilege applied to all of Mr. Reiss client communications.

4. I sought to discuss the issue with counsel to narrow the scope of the communications that Plaintiffs contend would not be privileged. I suggested that the parties should be able to agree that certain categories of communications could not possibly fall within the exception, such as communications concerning Mr. Reiss' settlement discussions with Plaintiffs' counsel. Plaintiffs' counsel have

//
//
//
//

refused to consider that any communications involving Mr. Reiss might be protected, and proceeded with this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 27, 2015, at Woodland Hills, California.

/s<br>JOHN G. BURGEE