# EXHIBIT A

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| BIG SCREEN PARTNERS V, LTD. | CASE NO. 01-14-0000-7139 |
|       Claimant, | |
|         v. | FINAL ARBITRATION AWARD |
| LUXE ONE, INC. | |
|       Respondent. | |

LUXE ONE, INC.,                                          )
                                                         )
      Counter-Claimant,                          )
                                                         )
        v.                                       )
BIG SCREEN PARTNERS V., LTD.                             )
                                                         )
      Counter-Respondent.                        )

The undersigned has been appointed as the sole arbitrator in this proceeding, which was instituted by Big Screen Partners V, Ltd. ("Big Screen") at the American Arbitration Association against Respondent Luxe One, Inc. ("Luxe"). Thereafter, Luxe asserted a counter-claim against Big Screen in this proceeding. Big Screen was represented by John M. Genga, of Genga and Associates, PC, and Luxe was represented by John G. Burgee, of Burgee & Abramoff, PC throughout the proceedings.

This Final Award is being rendered following evidentiary hearings held on February 24, 25 and 26, 2015 and March 6, 2015, the submission of closing briefs by both Parties on April 13, 2015, and the consideration by the Arbitrator of all pleadings, oral and documentary evidence presented by the Parties, and all briefs submitted by the Parties.

JURISDICTION: This arbitration is being conducted pursuant to an agreement ("Agreement") dated September 16, 2013 between the Parties. It contains a provision requiring all controversies or claims arising out of or in relation to the Agreement to be resolved by binding arbitration before the American Arbitration Association in Los Angeles before a single arbitrator familiar with entertainment law, such as the undersigned. The evidence establishes that the Agreement was signed on or about November 4, 2013.

ADDITIONAL FINDINGS OF FACT: In addition to the findings of fact contained in the previous paragraph concerning jurisdiction, the following facts have been established by the weight of the evidence:

(i) Prior to entering into the Agreement, Big Screen had begun the production of a motion picture entitled "The Letters" (herein referred to as the "Picture") which is based on incidents in the life of Mother Teresa. The Picture was produced on a budget of $20 million, of which $15 million had been expended prior to the making of the Agreement, but William C. Riead ("Riead"), the principal of Big Screen, needed an additional sum of approximately $1,750,000 to complete production, as well as funds to finance prints and advertising ("P & A") for the US release of the Picture.

(ii) J. David Williams ("Williams"), the principal of Luxe, was introduced to Riead as someone who could help raise the money required to complete the Picture as well as the money for P & A. Riead and Williams then began to negotiate for an agreement, and the Agreement was eventually signed on November 4, 2013.

(iii) Early in the spring of 2014, at the Sedona Film Festival, Williams introduced Riead to Bill Busbice ("Busbice"), telling Riead that Busbice was Luxe's P & A investor. In May 2014, Busbice telephoned Riead and told Riead that Busbice had invested a total of $10.9 million with Williams in various film projects of which $6 million was specifically earmarked for the Picture, but that only a few hundred thousand dollars of this amount remained in Williams' hands.

(iv) Williams argued that this money could readily be replaced by other funds that

2.

he had for other projects as the money was not earmarked for any particular project on his books. Since Williams failed to show by any credible evidence that he had such funds in his possession, I disregard this argument and conclude that Williams did not and could not replace the over $5 Million contributed by Busbice and improperly spent by Williams.  Luxe attempted to show that it had commitments from two financing entities: Chart Investment Fund and Panda Media, Ltd.  Neither of these entities appeared at any hearing in this proceeding and neither submitted evidence under oath. Thus, the only sworn testimony as to the existence of these commitments and the ability of these two entities to fulfill these commitments is the testimony of Mr. Williams.  As discussed below, I did not find Mr. Williams testimony throughout the proceeding to be credible.

(v) After viewing Williams demeanor throughout the proceeding, I find that his testimony is not entitled to any credibility. Also weighing against Williams credibility is the fact that he repeatedly gave false bank statements to people connected with the Picture, and the fact that he struck out the provision authorizing audits of his books and records concerning the distribution of the Picture from the Agreement.  Audit rights are so customary in the motion picture business that I have never seen an agreement without an audit rights provision in my review of several hundred motion picture distribution agreements over a period of over 40 years in the motion picture business. While there is no statutory requirement for an audit provision, my own experience and the testimony of the principals involved in this proceeding certainly indicate that it is unusual. It also suggests, although it does not prove, that Mr. Williams was aware that his application of the P & A funds that Mr. Busbice contributed pursuant to the Agreement would not withstand the scrutiny of an audit.

(vi)  Additionally, the Agreement expressly provides on page 2 under the caption "credit facility" that the $8 million P & A commitment "shall be applied **solely** towards payment of P & A cost line items within the mutually pre-approved P & A budget." [Emphasis added.]  This means that Luxe was in material breach of the Agreement when it permitted Williams to spend large portions of that $8 million on personal expenses.

3.

(vii) Based on the foregoing, I find that Luxe One, Inc. was never in a position to discharge its obligations under the Agreement, and it never did so.

(viii) The Agreement provides on the fourth page under the caption "Documentation and Conditions Precedent" as follows:

> "The initial P & A Commitment funding will be subject to satisfaction of the conditions precedent deemed reasonably appropriate and customary in the motion picture business in Los Angeles, CA for loan agreements of this type by the Lender to be set forth in the loan agreement …".

I find that such conditions precedent would have included an obligation on the part of the Lender to prove that it had the P & A funds available before Borrower was bound to the agreement. I find further that the offers by Lender of money claimed to be available in other accounts did not amount to such proof and that accordingly Lender did not satisfy the conditions precedent so as to bind Borrower to the contract. Accordingly, I find that Borrower was free to walk away from the Agreement when it learned that Lender had defaulted on its obligations to Mr. Busbice.

(ix) The foregoing paragraph also sets forth numerous other conditions precedent that have never been met by either party and accordingly justify the termination of the agreement by either party.

**AWARD**

1. The Agreement dated September 16, 2013 between Luxe One Inc. and Big Screen Partners V, Ltd. has been canceled and is no longer effective as of the date hereof.

2. The claim of Big Screen Partners V, Ltd. for damages against Luxe One, Inc. is hereby denied and the claim of Luxe One Inc. for damages against Big Screen Partners V, Ltd. is also hereby denied.

3. Neither party shall recover costs and expenses against the other, but each shall bear its own costs and expenses in connection with this proceeding.

4. This final award is intended to determine all claims, defenses and issues

4.

1    submitted in this arbitration. Any claim, defense or remedy not specifically mentioned herein

2    is hereby denied.

3

4    May *16* ,2015

5                                     Jerome J. Sussman, Arbitrator

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.

# EXHIBIT B

1  JOHN G. BURGEE, ESQ. (State Bar No. 132129)
   Email: jburgee@bandalaw.net
2  BURGEE & ABRAMOFF, P.C.
   20501 Ventura Boulevard, Suite 262
3  Woodland Hills, California 91364
   T: (818) 264-7575
4  F: (818) 264-7576

5  Attorneys for Defendants,
   JAMES DAVID WILLIAMS, STEVEN J.
6  BROWN, GERALD R. SEPPALA, LEGACY
   FILM CREST, LLC, MOMENT FACTORY,
7  LLC, LUXE ONE, INC., VISIONS L.L.C.,
   BIPARTISAN COALITION FOR AMERICAN
8  SECURITY CORPORATION, HIGHGATE
   PASS, LLC, and GARUDA PARTNERS, LTD.
9

10

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13

14  BILL A. BUSBICE, JR., an individual; et al.,  )  CASE NO.  CV14-4077 PA (AJWx)
                                                  )  [Before the Hon. Percy Anderson]
15                        Plaintiffs,             )
                                                  )  RESPONSE TO INTERROGATORIES
16         v.                                     )
                                                  )
17  JAMES DAVID WILLIAMS, an individual; et )
    al.,                                          )
18                                                )
                          Defendants.             )
19                                                )
    _____)
20

21  PROPOUNDING PARTY: PLAINTIFFS BILL A. BUSBICE, JR., OLLA

22       PRODUCTIONS, LLC and ECIBSUB, LLC

23  RESPONDING PARTY: STEVEN J. BROWN

    SET:   ONE
24
                          PRELIMINARY STATEMENT
25
          These responses are made solely for the purpose of this action.  Each response is subject
26
    to all appropriate objections which would require the exclusion of any statement contained herein
27
    if the Interrogatory were asked or if the response were made by a witness present and testifying in
28
    court.  All objections and grounds are reserved and may be interposed at the time of trial.

                                              1

5.     This Responding Party objects to each and every Interrogatory to the extent it calls for the disclosure of information, documents or communications protected by any other applicable privilege or doctrine.

6.     This Responding Party objects that the "Definitions" and "Instructions" are not authorized by the Federal Rules of Civil Procedure, attempt to construe meanings to terms beyond ordinary usage, and render the Interrogatories incomplete, compound, vague and ambiguous.  Additionally, the "Definitions" and "Instructions" purport to impose obligations beyond the requirements of the Federal Rules of Civil Procedure.

7.     This Responding Party objects that the discovery is unduly burdensome, overly broad and oppressive.

INTERROGATORY NO. 1:

State the complete address of your current residence and any of your previous residences over the last two years.

RESPONSE TO INTERROGATORY NO. 1:

Objection: The information sought is not relevant nor likely to lead to the discovery of admissible evidence.  The information sought constitutes private and proprietary information. The question seeks private financial information.

INTERROGATORY NO. 2:

State the complete address of all of your current business addresses and any of your previous business addresses over the last two years.

RESPONSE TO INTERROGATORY NO. 2:

134 North Lasalle, Chicago, Illinois.

INTERROGATORY NO.3:

Describe in detail any and all services that you provided to or for the benefit of Luxe One, Inc.

3

1  RESPONSE TO INTERROGATORY NO. 3:

2      Film distribution and marketing.

3

4  INTERROGATORY NO. 4:

5      Describe in detail any and all services that you provided to or for the benefit of Moment

6  Factory, LLC.

7  RESPONSE TO INTERROGATORY NO. 4:

8      Film distribution and marketing.

9

10  INTERROGATORY NO. 5:

11      Describe in detail any work that you performed or services that you rendered relating to

12  the marketing of the film *The Letters*.

13  RESPONSE TO INTERROGATORY NO. 5:

14      Film distribution and marketing.

15

16  INTERROGATORY NO, 6:

17      Describe in detail any work that you performed or services that you rendered relating to

18  the marketing of the film *Angels Sing*.

19  RESPONSE TO INTERROGATORY NO. 6:

20      Film distribution and marketing.

21

22  INTERROGATORY NO. 7:

23      Identify with specificity any and all agreements that you have entered into with Luxe One,

24  Inc.

25  RESPONSE TO INTERROGATORY NO. 7:

26      Agreement with David Williams of Luxe One, Inc. to provide film distribution and

27  marketing.

28

4

1  purposes and not used in connection with Plaintiffs or the subject movie projects.

2

3  INTERROGATORY NO. 23:

4      Identify all of your cell phone service providers at any time from January 1, 2013 to the

5  present.

6  RESPONSE TO INTERROGATORY NO. 23:

7      Objection: The information sought is not relevant nor likely to lead to the discovery of

8  admissible evidence.  The information sought constitutes private and proprietary information.

9

10  INTERROGATORY NO, 24:

11      State the complete name of each entity you currently own or control and any entity you

12  have owned or controlled since January 1, 2013.

13  RESPONSE TO INTERROGATORY NO. 24:

14      Objection: The information sought is not relevant nor likely to lead to the discovery of

15  admissible evidence.  The information sought constitutes private and proprietary information.

16  The question seeks private financial information.

17

18  INTERROGATORY NO. 25:

19      For each entity required to be identified in response to Interrogatory Number 24, describe

20  with specificity the nature of the business performed by the entity.

21  RESPONSE TO INTERROGATORY NO. 25:

22      Objection: The information sought is not relevant nor likely to lead to the discovery of

23  admissible evidence.  The information sought constitutes private and proprietary information.

24  The question seeks private financial information.

25  DATED:  March 18, 2015.                    BURGEE & ABRAMOFF P.C.

26

27

28                                    BY:
                                          JOHN G. BURGEE
                                      Attorneys for Defendants

9

1 <u>VERIFICATION</u>

2 STATE OF CALIFORNIA

3 COUNTY OF LOS ANGELES

4     I have read the foregoing RESPONSE TO INTERROGATORIES and know its contents.

5     I am a defendant in this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as
6 to those matters, I believe them to be true.

7     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8     Executed on March 18, 2015, at _____ LA _____, California.

9

10

11

12                                 STEVEN T BROWN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

CAA003466

1

| From | "Manashil, Stuart" <smanashil@caa.com> |
|---|---|
| To | "'sjbneg@gmail.com'" <sjbneg@gmail.com> |
| Subject | Re: |
| Date | Thu, 29 Aug 2013 15:30:17 -0400 |
| Message-Id | <8D8CC2B1A78E2045916DD45D71F7625D427CB804@LV-EX-MBX-P-02.caa.com> |

Ok let me think
----- Original Message -----
From: sjbneg@gmail.com [mailto:sjbneg@gmail.com]
Sent: Thursday, August 29, 2013 12:27 PM Pacific Standard Time
To: Manashil, Stuart
When we speak to david let's discuss which attorney u control & I mean
really control who we can put in as our "barry" to rep bill busbice the
oil tycoon
Someone who won't hit on him for other projects to invest in
Sent via BlackBerry from T-Mobile

_____

This e-mail and any files transmitted with it are intended solely for the
use of the individual or entity to whom they are addressed. If the reader
of this e-mail is not the intended recipient or the employee or agent
responsible for delivering the message to the intended recipient, you are
hereby notified that any use dissemination, forwarding, printing or
copying of this e-mail is strictly prohibited. If you have received this
e-mail in error, please e-mail us at caasecurity@caa.com or call
424-288-2000.

# EXHIBIT D

CAA000077

1

| From | <sjbneg@gmail.com> |
|------|---|
| To | Stuart at Creative <smanashil@caa.com> |
| Subject | Re: Las Vegas |
| Date | Wed, 8 Jan 2014 03:35:26 +0000 |
| Message-Id | <352015753-1389152409-cardhu_decombobulator_blackberry.rim.net-1258505208-@b |
| | 1.c15.bise6.blackberry> |

Plymouth does have sequel potential.
Anyhow there is serious bucks on the line now + if I start actually focusing with your help & the drug addict, we
can have a churchill style comeback.
fucking billionaire is paying tens of thousands to fly u in for what is a 200 $ ticket
Well, u did the right think betting on me this time as this can close
Between us, barry has kicked ass on busbice lawyer in nyc, this guy friedman who u'd hate
Barry has been solid. He's a pain but strong.
Wasserman was fucking smart to steal barry from clive davis
Anyhow, I haven't slept in days so hopefully 2nt
I fly wed, back fri. Thx for all u do!

Sent via BlackBerry from T-Mobile

From: "Manashil, Stuart" <SManashil@caa.com>
Date: Wed, 8 Jan 2014 03:29:32 +0000
To: sjbneg@gmail.com<sjbneg@gmail.com>
Subject: Re: Las Vegas

Fucking nuts

Sent from my BlackBerry 10 smartphone.

From: sjbneg@gmail.com
Sent: Tuesday, 7 January 2014 19:25
To: Manashil, Stuart
Reply To: sjbneg@gmail.com
Subject: Re: Las Vegas

I'll fly in sunday & set it all up bud, kind of cool u fly in mon from lew wasserman's old joint, van nuys airport,
crazy fucking life bud.
Time for bonnie & clyde, no way around it.
Can u fucking believe that fat ass from london triggered u calling me to call williams, jesus, g-d has a sick sense
of fucking humor brother
Sent via BlackBerry from T-Mobile

From: "Manashil, Stuart" <SManashil@caa.com>
Date: Wed, 8 Jan 2014 03:20:34 +0000
To: sjbneg@gmail.com<sjbneg@gmail.com>
Subject: Re: Las Vegas

Aweseom!

Sent from my BlackBerry 10 smartphone.

CAA000078
2

From: sjbneg@gmail.com
Sent: Tuesday, 7 January 2014 19:18
To: Manashil, Stuart
Reply To: sjbneg@gmail.com
Subject: Re: Las Vegas


This is big for us.
Two films
Plymouth &
The Void
I know ur jammed with golden globes bla bla &
I go to chicago tmr to deposit dough on santa monica, back fri, so let's try to talk or grab some coffe or b-fast or chat so ur briefed for mon.
Mon is a game changer
I may even ask cusumano to stop by
Remember casino is based on him. He's no joke in that fucking town. Am all over this.
On that other matter...
Roxy is confirmed for 4pm@caa
Thurs.
Sent via BlackBerry from T-Mobile


From: "Manashil, Stuart" <SManashil@caa.com>
Date: Wed, 8 Jan 2014 02:51:19 +0000
To: sjbneg@gmail.com<sjbneg@gmail.com>
Subject: Re: Las Vegas


Cool


Sent from my BlackBerry 10 smartphone.


From: sjbneg@gmail.com
Sent: Tuesday, 7 January 2014 18:49
To: Manashil, Stuart
Reply To: sjbneg@gmail.com
Subject: Fw: Las Vegas


Sent via BlackBerry from T-Mobile
-----Original Message-----
From: sjbneg@gmail.com
Date: Wed, 8 Jan 2014 02:40:47
To: Bill Busbice email<bill@wgillc.com>
Reply-To: sjbneg@gmail.com
Subject: Re: Las Vegas
Hey Bill, we should likely leave at 4pm buddy. Pieros is a blast.
When do you arrive?
Pieros Restaurant was used in the film Casino with sharon stone & robert de niro. Its a fun spot & great food. My buddy owns it so we'll be treated very well
------Original Message------
From: Bill Busbice email
To: Steven J. Brown Gmail
Subject: Re: Las Vegas
Sent: Jan 7, 2014 6:35 PM
K I will line up plane to pick u guys up at Van Neys... What time?
Sent from my iPhone
> On Jan 7, 2014, at 7:43 PM, "sjbneg@gmail.com" <sjbneg@gmail.com> wrote:
>

CAA000079

3

> ------ SMS Text ------
> To: +13372575910
> Sent: Jan 7, 2014 5:38 PM
> Subject: Hey Bill: dinner@630 all set at...
>
> Hey Bill: dinner@630 all set at pieros for us 4. It will be great to see everyone together. All the best. Your friend. Steve
> Sent via BlackBerry from T-Mobile

Sent via BlackBerry from T-Mobile

This e-mail and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any use dissemination, forwarding, printing or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please e-mail us at caasecurity@caa.com or call 424-288-2000.